United States District Court
Southern District of Texas
**ENTERED**
January 19, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHERIE FOUNTAINE, HAILEY KING and JJP CAPITAL GROUP LLC § § § § Plaintiffs, § § v. § § U.S. BANK NATIONAL ASSO- § CIATION, as indenture trustee for § TOWD Point Mortgage Trust § Mortgage Trust 2019-4, § § Defendant. § § | Case 4:23-cv-801 |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

Before the Court is Plaintiffs' Motion for Preliminary Injunction (Doc. #9), for which the Court heard oral arguments on May 1, 2023. The Court considered the Complaint, the Motion for Temporary Injunction, the Responses filed in support of and in opposition to the Motion, the evidence in the form of written exhibits submitted during the hearing, oral testimony, and has heard oral argument of counsel. The Court makes the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. Plaintiffs have filed suit to enjoin and restrain a foreclosure sale posted pursuant to a power of sale contained within a certain deed of trust recorded as Document No. 20060001008 in the Real Property Records of Harris County, Texas ("DOT"). The DOT encumbered certain real property commonly known as 26814 Glenfield Hollow Lane, Cypress, Texas 77433 ("Property"). Plaintiffs Cherie Fountaine and Hailey King are the record owners of the Property. Plaintiff JJP Capital Group, LLC is the lender for Plaintiffs Cherie Fountaine and Hailey King and the first

lienholder on the Property. Plaintiffs further seek a declaration that the DOT is fully satisfied and is no longer an encumbrance on the Property.

2. Defendant U.S. Bank National Association as Indenture Trustee for Towd Point Mortgage Trust 2019-4 ("Defendant") proposes to foreclose on the Property during the pendency of this action. Defendant contends that, as of December 2022, it was still owed $55,680.07 on the loan.

3. Plaintiffs contend that foreclosure would be unlawful as the loan underlying the DOT has been fully satisfied and is no longer an encumbrance on the Property. In that regard, Plaintiffs have shown the following:

On December 15, 2021, prior to closing the sale of the Property, the title company responsible for closing the transaction requested a payoff statement directly from Select Portfolio Servicing, Inc. ("SPS"). Later that same day, the title company received a payoff statement which indicated that it was generated by SPS and was good until December 31, 2021 (the "Payoff Statement"). The stated payoff in the Payoff Statement was $189,859.46. On December 15, 2021, the transaction closed. The transaction was funded the following day on December 16, 2021. On that date, the title company wired $189,859.46 to SPS. On or about December 16, 2021, SPS received $189,859.46 by wire transfer.

4. Plaintiffs have offered evidence that Defendant, via SPS, received a payoff in an amount equal to the Payoff Statement. Therefore, the Court finds that Plaintiffs have a substantial likelihood of success on the merits.

5. Plaintiffs contend further that foreclosure would cause each to sustain irreparable injury, and damages to their businesses and properties, and that Plaintiffs are without any adequate remedy at law. In that regard, Plaintiffs have shown the following:

> Plaintiffs Cherie Fountaine and Hailey King are the record owners of the Property. Cherie Fountaine and Hailey King moved from out of state to the Property. Moreover, Cherie Fountaine and Hailey King specifically selected the Property as their home based on their selection criteria. Foreclosure of the Property would cause Cherie Fountaine and Hailey King to lose their home.

6. Plaintiffs have offered evidence that the Property is unique and that foreclosure of the same would cause Cherie Fountaine and Hailey King to suffer the loss of the home that they specifically selected and relocated to from out of state.

7. The granting of a preliminary injunction is necessary to preserve the status quo until the merits of the case can be decided.

8. Weighing the equities and considering the likelihood of success on the merits, this temporary injunction does not disserve the public interest. The Court finds that the threatened injury to Plaintiffs outweighs the harm of temporarily enjoining Defendant from proceeding with foreclosure.

## CONCLUSIONS OF LAW

1. This court has jurisdiction over this action under 28 U.S.C. § 1332.

2. "[A] lien is usually extinguished upon payment of the indebtedness that it was created to secure." *Caress v. Lira,* 330 S.W.3d 363, 366 (Tex. App.–San Antonio 2010, pet. denied) (citing *Spencer–Sauer Lumber Co. v. Ballard,* 98 S.W.2d 1054, 1055 (Tex. App.–San Antonio 1936,

no writ)). When a lien is extinguished by the payment of the indebtedness, the "extinguishment is complete even without a written release." *Id.* The satisfaction of the debt underlying a lien, in an amount and manner as reflected in the payoff statement, extinguishes the lien. *Am. First Nat'l Bank v. Jordan-Lewis Dev., L.P.*, No. 01-09-00990-CV, 2011 WL 2732779, at *5 (Tex. App.—Houston [1st Dist.] July 14, 2011, no pet.)

3. A temporary injunction is appropriate to block foreclosure of real property. *Irving Bank & Tr. Co. v. Second Land Corp.*, 544 S.W.2d 684, 688 (Tex. App.–Dallas 1976, writ ref'd n.r.e.). "[I]t is obvious that [the property owner] would probably be injured if the property were foreclosed and sold...." *Franklin Sav. Ass'n v. Reese*, 756 S.W.2d 14, 15 (Tex. App.—Austin 1988, no writ).

4. The right to monetary damages is not an adequate remedy because "every piece of real estate is unique, and if foreclosure were allowed before a full determination" of the underlying claim, the homeowner "would be irreparably harmed." *Perales v. Riviera*, No. 13–03–002–CV, 2003 WL 21705740, at *3 (Tex. App.–Corpus Christi July 24, 2003, no pet.) (mem.op.); *El Paso Dev. Co. v. Berryman*, 729 S.W.2d 883, 888 (Tex.App.–Corpus Christi 1987, no writ). Thus, the availability of a remedy that provides monetary damages does not negate the element of "irreparable harm." *Guardian Sav. & Loan Ass'n v. Williams*, 731 S.W.2d 107, 108–09 (Tex. App.–Houston [1st Dist.] 1987, no writ); *Perales*, 2003 WL 21705740, at *3.

5. The right of redemption is also not an adequate remedy for the homeowners. A foreclosure can, itself, be a substantial burden to the property owner—even if the property owner can recover the property. For example, a foreclosure can "ruin [the owner's] reputation, prevent him from borrowing money at any other financial institution in the United States." *Guardian Sav. & Loan Ass'n*, 731 S.W.2d at 108.

6. Plaintiffs are entitled to a preliminary injunction restraining Defendant from foreclosing

on the property located at 26814 Glenfield Hollow Lane, Cypress, Texas 77433, until this action can be heard and determined on its merits on January 29, 2024.

JAN 1 9 2024
Date

The Honorable Alfred H. Bennett
United States District Judge